IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGEL DAVID SANCHEZ SARMIENTO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; *et al*.,<br>Respondents. | No. 2:26-CV-03715-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by T. Laura Lui and Adam Boyd. Respondents are represented by Lawrence J. Van Daley, Sr.

Petitioner is a citizen and national of Mexico who entered the United States on an H2B visa on January 6, 2024. On September 10, 2026, Petitioner was encountered and detained by ICE agents during a targeted enforcement operation because he overstayed his visa.

Petitioner received a bond hearing on September 28, 2026. He asserts the hearing lasted 5 minutes, and the IJ abused its discretion in assessing the factors used to determine whether Petitioner presented a flight risk. It appears the IJ found that Petitioner was not a danger to the community but denied bond based on a

perceived flight risk and insufficient ties to the community. Petitioner asserts that the IJ failed to identify how the evidence in the record supported a finding that he is a flight risk. Petitioner does not challenge the IJ's discretionary judgment, he challenges whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled. *W.T.M v. Bondi*, Case No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026).

Respondents assert the Petition should be denied because (1) the Court lacks jurisdiction to review the IJ's discretionary weighing of evidence; and (2) Petitioner has failed to exhaust his administrative remedies.

The Court notes that there is no record of the bond hearing – written or recorded. Respondents indicate that this is a standard practice, and IJs typically only prepare written decisions after petitioners appeal their bond denials to the BIA.

The Court has jurisdiction to review IJ custody determinations for legal error, including whether an IJ's bond decision was arbitrary, applied the wrong legal standard, or violated due process. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). The habeas court's review of an IJ's determination of flight risk is for abuse of discretion. *Id*. at 784-85. When conducting such a review, the court may only determine whether the IJ applied the correct legal standard, not reweigh the evidence. *Id*. District courts look to whether the IJ explained their reasoning and conclusions, finding that IJs abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight risk. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026). Due process requires a meaningful and individualized bond determination, including a reasoned decision based on the evidence presented and a contemporaneous record sufficient for review. *Singh v. Holder*, 638 F.3d 1196, 1203-04 (9th Cir. 2011).

As a preliminary matter, exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, as a prudential matter, some courts require that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id*. Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004). Here, Petitioner is challenging whether his previous bond hearing satisfied due process, which is a constitutional issue BIA is incapable of resolving. Accordingly, Petitioner is not required to exhaust his administrative remedies before seeking habeas relief from this Court.

As there is no contemporaneous record of the bond hearing, the Court is unable to properly evaluate whether the IJ abused its discretion in denying bond. It is impossible to determine whether the IJ actually considered Petitioner's proffered evidence in support of release, or whether the IJ provided a reasoned decision for its denial of release on bond. Due process requires a contemporaneous record of bond hearings for these exact reasons. *Singh*, 638 F.3d at 1208. Petitioner is not required to appeal to the BIA to resolve a constitutional question, and this Court is unable to meaningfully consider the merits of the Petition without a record of the bond hearing.

The IJ's "practice" of not contemporaneously recording bond hearings and providing a written decision only after an appeal is filed with the BIA is concerning, especially in light of the sheer quantity of constitutional challenges to bond hearings this Court and other courts within this District have been presented

with in the last year alone.

Federal courts have “a fair amount of flexibility” in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). As the failure to produce a contemporaneous record raises due process concerns, the Court finds it appropriate to order Petitioner’s immediate release.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner’s Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 24th day of November 2026.

Stanley A. Bastian
United States District Judge